Good morning. I would like to reserve five minutes if I could. That's fine and you may proceed. My name is Herbert Moncier, a member of the Bar of Knoxville, Tennessee in the state of Tennessee. This action is brought with regard to the application of 1983 and the protection of federal constitutional rights in Tennessee's disciplinary proceedings. It had two aspects. The first aspect for damages against the chief disciplinary counsel for the violation of clearly established 14th Amendment and First Amendment rights. The second aspect was against the disciplinary counsel for violations that were not necessarily clearly established at that time in her official capacity and her subsequent disciplinary counsel's official capacity for declaratory relief and injunctive relief. Let me go to the first. In Henry Raffaello and in Middlesex v. New Jersey in 1966, the United States Supreme Court clearly held that in state disciplinary proceedings, 14th Amendment quasi-criminal protections apply. The two that it clearly held in that case were the right to pretrial notice and secondly the right to jeopardy once the proceedings begin as to prevent amendments. In this case, both of those clearly established rights were uncontestedly denied me in Tennessee's disciplinary hearings. In Middlesex in 1983, the Supreme Court said that a state disciplinary proceeding must provide a right of a defendant to present their federal constitutional claims. In this case, I was denied that right. That is uncontested. With regard to the first constitutional rights and that is those established in Raffaello, Raffaello cited another quasi-criminal proceeding known as In Re Gault. In In Re Gault, there were a panoply of constitutional federal protections given to juvenile delinquent state proceedings. Each of those rights given to juveniles in state disciplinary proceedings by In Re Gault were denied me in my proceedings under Tennessee's disciplinary rules. Now, one can say, Mr. Monseer, that's well said, but did you plead that? Yes. I pled that after I asserted those federal constitutional rights in my state disciplinary proceedings, the proceedings proceeded on. I was denied them. I raised them. I pled them. I pursued them. I articulated them. I objected to them. I did everything but stand on my head and take off my clothes in an attempt to get them. But, on October the 5th of 2000, and time gets away from me. I'm getting old, gentlemen and lady. It's been a long journey. After my disciplinary hearings, as they were proceeding on, the deputy disciplinary counsel under Ms. Jones, in a pleading that brought this clearly before this court, which is pled in the complaint, the pleading is filed with the court, said, disciplinary counsel does not understand why Mr. Monseer continues to insist upon state and federal constitutional protections in these disciplinary proceedings. They do not apply in Tennessee under Rule 9. That's the issue. The chief disciplinary counsel of the state of Tennessee, who is charged with training and applying the disciplinary proceedings in Tennessee, said that the Rufiallo and Middlesex don't apply. The federal constitution doesn't apply in Tennessee. Tennessee's disciplinary proceedings said by that, and then on December the 5th of 2012, to the Board of Professional Responsibility said, that for Tennessee to recognize federal constitutional protected rights would require a change in the Tennessee rule. In other words, the Tennessee rule is superior to the federal constitution. Then, on December the 5th of 2013, Ms. Jones testified under oath that in Tennessee, attorneys only have procedural civil rights under the rules of civil procedure. They do not have the rights provided to them by Rufiallo and Middlesex. Now, all that being said and done, having tried everything in the world to get Tennessee to recognize my federal constitutional rights that were clearly violated, and when I say clearly violated, I had a set of charges going in that I defended against. After my hearing, this is pled, the documents are in the record, the disciplinary counsel brought eight different charges against me that weren't in the first charge. In other words, they took the proof in my testimony, and they changed it. Once they changed it, it went to the hearing panel, and the hearing panel took the new after-hearing eight charges and split them into ten charges. So I went in facing two charges, I came out facing ten charges. Of the ten charges that they found, I was acquitted of five. Four others that weren't charged, they found I was guilty of. And the one charge that I was charged with going in, they found I was guilty of. So, I was found guilty, I was tried for nine charges I wasn't charged with. I was found guilty of four charges I wasn't charged with. In the process, I was denied my right of cross-examination. I was denied the right to have subpoenas. I was denied the right to present evidence. I was denied the right to a fair trial by disciplinary counsel calling the hearing panel and giving them instructions as to what to do in the middle of the hearing. And more importantly, judges along the way of the journey that brings me to you today have found all of these things. It's no secret. I was denied interference with the impartiality of the hearing panel by a circuit judge. But the circuit judge said, well, your attorney did a good job anyway. And anyway, I'm going to dismiss that charge. And therefore, it was harmless error. And then the State Attorney of Tennessee turned around and reinstated the charge. And I've been convicted of something that I was found not guilty of, that I was never charged with to begin with, and I was punished for it. Now, the question is really quite simple that I put to this court. Because nobody has ever addressed the question to date. Does the federal Constitution, 14th Amendment, apply to Tennessee's disciplinary proceedings? Or does it not? Such a simple question. Such a question that has been decided by our Supreme Court. But yet has been denied on the record in pleadings by the State of Tennessee. Now, there's one other clearly established right I want to stress to the court before. Before you move on, can you talk about why you think that Jones is not entitled to immunity for these claims? Harlow v. Finch-Gerald. It's qualified immunity. She would be entitled on the damage. She's not entitled to immunity for declaratory judgment or prospective injunctive relief. You're talking damages. Yes, sir. I was talking about damages. Why isn't Jones entitled to immunity for your damage claims? She may be entitled to qualified immunity. Okay. And that's why. At the end of the case, then? Sir? If you admit that she's entitled to immunity? I said she may be entitled. Okay. Tell me why she's not, then, if that's your position. Because these rights were clearly established by Supreme Court precedent. And that's one of the tests of qualified immunity. It has to be clearly established. And secondly, she did it deliberately. She deliberately denied my federal constitutional rights. Knowing that it was a violation of your constitutional rights? Absolutely. I raised Ruffalo. I raised Middlesex. And they said they don't apply. We're not going to apply. She's charged with the duty to train these hearing panels. What if her decision was just negligent? That she didn't know what the law was? That she didn't deliberately, intentionally intend to violate your constitutional rights, but she did it because she wasn't aware of what the law was? May I answer a question you didn't ask? And that is the district judge didn't grant her qualified immunity. The district judge granted her absolute immunity under a Ginger case. And I'm not going to waste my time. I'm going to ask you that question, too. Why isn't she entitled to absolute immunity? But let's go through the qualified immunity. We never had a hearing on qualified immunity. I just want to know what your position is. My position is that, number one, the district court did not apply qualified immunity under a standard of summary judgment. The district court applied qualified immunity under a motion to dismiss standard. The complaint alleged all of the elements to take it out of qualified. In other words, the complaint negated under its terms qualified immunity. This court may send it back to the district court and say, look at this from a qualified immunity position. But the complaint pled out of it. Now, certainly she can plead into qualified immunity by filing the appropriate affidavits, at which time it would be properly adjudicated. Now, with regard to absolute immunity that you spoke of, Ginger is no longer good law. The statement in Ginger was that a state official in an attorney disciplinary appeal is not subject to the federal constitutional liability for civil rights. Well, that's directly contrary to 1983. That's directly contrary to the later Supreme Court case that I cited. I don't have it at the tip of my tongue. And that's directly later to the Supreme Court standard of qualified immunity that was adopted in Harlow v. State Sterling. It's one of those orbiting meteorites that sometimes comes down and finds its way into an opinion that has absolutely no basis in any cited law, any cited case, or any constitutional right. It just was thrown in there, the last paragraph in Ginger. Now, with all due respect, I used to argue before those judges. And I guess I outlived them. I'm not sure. But there's just no basis for that. And if there is any basis for it, it's clearly been overruled. Let me save as much time as I can. OK. You will have your rebuttal time, Mr. Meissner. Thank you. I was expecting the court to be a little hotter than it was outside with me today. You will have your rebuttal time, and we'll see what questions we have then. Thank you, Judge. Good morning. Good morning, Your Honors. I'm Janet Kleinfelter with the Tennessee Attorney General's Office. I'm here on behalf of Ms. Jones in the state of Tennessee. Your Honor, this is not a case about Mr. Monsier's disciplinary proceeding. That proceeding was finally concluded in front of the Tennessee Supreme Court in June of 2011. A petition for cert was filed with the United States Supreme Court, and that petition was denied. What this case is about is the lawsuit that Mr. Monsier brought against Ms. Jones, the former Chief Disciplinary Counsel for the Board of Professional Responsibility, in her individual capacity for $2 million in damages, a million in compensatory, a million in punitive, and then against the state of Tennessee for declaratory and injunctive relief with respect to prospective disciplinary proceedings in front of the Board. The amended complaint was dismissed by the district court, and there are two issues basically before this court today. The first one is, did the district court err in dismissing the amended complaint? And the second issue is, did the district court err in denying the motions, the post-dismissal motions to file second and third amended complaints? And the answer to both of those questions is no. No error was committed by the district court. With respect to the dismissal of the amended complaint, Your Honors, we would point out that, of course, no answer was ever filed or no response to the motion to dismiss the amended complaint was filed prior to the actual dismissal. And the dismissal was based upon, with respect to Ms. Jones, as Judge Griffin has noted, was on the basis of absolute immunity under the Ginger case. Now, Mr. Monsier has argued that Ginger is no longer good law. Your Honors, I respectfully disagree and would submit that the argument that it's contrary to 1983 that belief has not been established by this court. This court certainly has never declared that its ruling in Ginger has ever been overruled. The other argument that plaintiff makes with respect to Ginger not being applicable is simply that Ginger only applies to officials that are acting within their jurisdiction. But if you look at the amended complaint and you look at the factual allegations, not allegations that are disguised potentially as factual allegations or legal conclusions, but the pure factual allegations as to what Ms. Jones did, it was clear that all she was doing was performing her duties as chief disciplinary counsel for the board, that all of the duties alleged in the complaint were things that she only could have done in her capacity, and they were clearly within her jurisdiction. In fact, she was performing duties on behalf of the Tennessee Supreme Court, duties that if the court had not delegated them to her, the court itself would be performing those duties with respect to the disciplining of attorneys that are licensed to practice in Tennessee. And this court has held that those types of duties, performing those types of duties, are considered to be quasi-judicial and are entitled to absolute immunity. Now, with respect to the state of Tennessee, the district court judge dismissed the claims against the state of Tennessee because the state is not a proper person under 1983. Now, the response back is, and the district court relied upon, of course, the seminal case of Wills v. Michigan. Now, the response back to that dismissal is, well, wait a minute. The state, in their argument, never raised Wills, and the district court shouldn't have relied upon Wills on its own because I never had the opportunity to respond to an argument that Wills v. Michigan is applicable. The first problem with that argument, Your Honor, is, well, again, no response was ever filed to the motion to dismiss. So to argue that he didn't have the opportunity to even raise the issue when he never filed a response is somewhat specious. But more importantly, Wills is very clear that the state of Tennessee is not a proper party. Now, in response to that, Mr. Monsier has argued, oh, well, I was asking for perspective relief. I wasn't asking for any relief against the state of Tennessee. Yes, I named the state of Tennessee as a party, but I wasn't really asking for any relief against them. My request for declaratory and injunctive relief was against Ms. Jones in her official capacity. And the district court addressed that. First of all, he noted that with respect to Ms. Jones, she's no longer the chief disciplinary counsel. So with respect to asking for relief against her in her individual capacity, it no longer is available. But more importantly, the court noted that there are no allegations in the complaint or the amended complaint establishing a present case or controversy. At most, the complaint alleges that there are complaints that have been filed with the board, but there were no pending disciplinary actions. And the mere fear that one of those complaints might result into a disciplinary action was not enough to establish a case or controversy sufficient to grant the declaratory relief that the plaintiff had requested, much less to request and grant the injunctive relief, because there was no demonstration, no factual allegation establishing immediate and irreparable harm. Am I correct that the, I guess it was the 11-month, 20-day suspension, as to Mr. Monsieur, has come to an end? Yes, Your Honor. That expired actually in June of 2012. So at the time that the district court made its ruling in December of 2012, it had been expired for six months. And there were no pending disciplinary actions before the board of professional responsibility or any other, or that had been adjudicated and appealed. At best, there were complaints. And, Your Honor, if you've actually read the reply brief that Mr. Monsieur filed, it would indicate, although this is not in the record, but it is in his reply brief, that of the four pending complaints at the time that Mr. Monsieur filed his opening brief, three of those no longer exist, have been dismissed. At this point, there's only one complaint. And, again, we are now however many months down the road, and no disciplinary proceeding has been filed with respect to that one last complaint that is alleged. So for those reasons, the district court clearly did not err in dismissing the amended complaint. And it was on those same grounds that the district court denied the motions to amend. And as we noted, the motions to amend were not filed prior to dismissal. They were filed after the district court had already dismissed the amended complaint. And this court has held that in those instances, there's a higher standard that has to be met beyond the provisions of Rule 15. In essence, what a plaintiff has to demonstrate is that a motion to amend could survive the test under either Rule 59 or Rule 60. And we would note that actually both those motions were filed with the district court. A Rule 59 motion to alter amend and a Rule 60 motion for relief were both filed with the district court and were both denied. The motion to amend was also denied on the basis of futility because all the second amended complaint did was, as plaintiff stated, it was to clarify the relief that was being sought against the state of Tennessee. Unfortunately, it didn't do that because if you look at the second and third paragraphs, I mean the third paragraph of the second amended complaint, it once again specifically named the state of Tennessee as a defendant, and I quote, is sued for declaratory judgment and prospective injunctive relief for acts of Nancy S. Jones, a Tennessee official, committed in her official capacities and in joint concert with other Tennessee officials in administering Tennessee attorney disciplinary proceedings in violations of provisions of the federal constitution. The district court found that it would be futile to allow this second amendment when all it was doing was, once again, asserting claims for relief against the state of Tennessee. And that even if you could construe it as asserting claims against Ms. Jones in her official capacity, which it did not state that, once again, there were no allegations establishing a present case or controversy sufficient to grant that declaratory and injunctive relief. Now with respect to the third amended complaint, the only thing that that amended complaint sought to do was substitute the current chief disciplinary counsel, Ms. Garrett, for Ms. Jones as the defendant. Again, the court said it was futile to do that for the same reasons that it had denied. It denied the second amended complaint and also pointed out that there were no allegations with respect to Ms. Garrett as the current chief disciplinary counsel that would in any way establish a present case or controversy as well. So for those reasons, Your Honor, we respectfully submit that the district court was entirely correct in dismissing the amended complaint as well as denying the motions to file the second and third amended complaints and would respectfully request that this court affirm that decision. And unless the court has any further questions, we rest upon our briefs. Okay. Thank you, counsel. Thank you. I practiced 38 years without a complaint, disciplinary complaint, and received awards around the country according to the records that were filed in the district court until Ms. Jones started the proceedings that I have described to this court. Since she started those proceedings against me, in addition to those proceedings, the records reflect that she filed 17 additional complaints against me. I went through all of those. Ultimately, I won them. They continued. At the time that I filed this action against Ms. Jones, I had four complaints still pending against me that I was going to have to go through under the same processes without any federal constitutional protections because they said they didn't apply to me. And in addition, I had a monetary judgment placed against me for $22,500 for a state disciplinary proceeding wherein I have been denied multiple federal constitutional protections. That judgment still pending against me, of which I am still protesting by this action, clearly and unequivocally creates a case in controversy as to whether or not those proceedings that resulted in that monetary judgment were conducted in violation of the federal constitution. There's no other way to cut that piece of bread. My worthy opponent argues that the Tennessee Supreme Court approved my discipline. Nothing could be further than the truth. The reported opinions are that the Tennessee Supreme Court said that I didn't file an oath with my original application and therefore there wasn't subject matter jurisdiction and reversed a circuit court judge that reversed my disciplinary proceedings and ended up punishing me for things that I have been found not guilty of doing. Tennessee applies a labyrinth of judicial paths, all in which point to another court or another jurisdiction that a person must get relief for their federal constitutional rights, but it has no exit. There is no end. In the brief that I filed in the Tennessee Supreme Court filed in the district court, the Tennessee Attorney General said that the Supreme Court shouldn't review my petition under the federal constitutional because the Tennessee Supreme Court didn't address them. And then my opponent from Tennessee comes in here and tells this court, the Tennessee Supreme Court, address my federal constitutional protections. You know, just for the purpose of argument, assume that the Ginger case remains good law. Sir, sir. Let's assume for the purposes of argument that the Ginger case remains good law. Yes, sir. Where does that leave Ms. Jones in terms of absolute immunity? From damages? Yes. It gives her immunity that no other person in the United States has. Yes, sir. If Ginger, it's one paragraph, there's no authority stated for it. There's no precedent. It says what it says. If Ginger says what it says, and if Ginger is good law, Nancy Jones walks. How about the injunctive relief? No, sir. Turns out Jones is not even the disciplinary counsel anymore, is she? No. We moved to amend to substitute the correct disciplinary counsel who said the same thing as she said. So anyway, Jones would be out of that as well, right? Jones herself. On declaratory judgment and prospective injunctive relief, Jones would be out once she no longer had the authority to comply with the federal constitution, and the district judge erred by denying me the right to substitute the current. The district judge felt as though the- Let's go back to the motion to amend. Oh, sure. Well, not really. My worthy opponent from Nashville tells this court that I sued the state of Tennessee. I beg to differ with her. I sued Nancy Jones in her individual capacity in the original complaint. That is sufficient to bring her before the court for both declaratory judgment, injunctive relief, and damages. When they objected, I amended to sue her in her official capacity. Nancy Jones in her individual capacity and Nancy Jones in her official capacity. I didn't sue the state of Tennessee. Then when the district judge came back with the first opinion, to my surprise, I immediately moved again to more specifically clarify that I was suing Nancy Jones in her official capacity for declaratory judgment and injunctive relief and in her individual capacity for damages for clearly established constitutional rights. Then when it was said that Ms. Garrett had replaced her, I amended to add Ms. Garrett for the declaratory judgment injunctive relief. Folks, I don't know what else an attorney can do. I think we've got your argument well in hand, Mr. Monsieur. Your time has expired. I've given you a little extra time there. Good to see the court again. Good to see you. Good to see the court at the new district court. I've traveled up here many years and not been here as often in the more recent years for reasons I'm sure the court may be aware. Well, we appreciate your arguments today, Ms. Kleinfelter, as well. Thank you. The case will be submitted.